UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| SHARMARLO TINCH, | ) | |
| | ) | |
| Petitioner, | ) | 2:10-cv-02028-KJD-PAL |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| BRIAN E. WILLIAMS, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss. (ECF No. 12.) Petitioner has opposed the motion (ECF No. 16), and respondents have replied (ECF No. 17.) After a thorough review, the court grants the motion, in part, and denies the motion, in part, and dismisses the petition as untimely.

**I.    Procedural History and Background**

On May 23, 1994, the State of Nevada filed an information in the Eighth Judicial District Court for the State of Nevada ("District Court") charging petitioner with: one count of conspiracy to commit murder with the intent to promote, further or assist a criminal gang; one count of murder with the use of a deadly weapon with the intent to promote, further or assist a criminal gang; and one count of

attempted murder with use of a deadly weapon with the intent to promote, further or assist a criminal gang. (Exhibits to Mot. to Dismiss Ex. 1, ECF No. 13.)[1] After a jury trial, the jury returned a verdict finding petitioner guilty of conspiracy to commit murder with the intent to promote, further or assist a criminal gang and murder with the use of a deadly weapon with the intent to promote, further or assist a criminal gang. (*Id*. Ex. 3.) The jury found petitioner not guilty of attempted murder with use of a deadly weapon with the intent to promote, further or assist a criminal gang. (*Id*.) On November 13, 1995, the District Court sentenced petitioner to six years for conspiracy to commit murder with the intent to promote, further or assist a criminal gang, with a consecutive six year term for the gang enhancement, and life with the possibility of parole for murder with the use of a deadly weapon with the intent to promote, further or assist a criminal gang, with a consecutive life sentence for the weapon enhancement. (*Id*. Ex. 5.) The District Court ordered the sentences to be served concurrently. (*Id*.) The District Court issued its judgment of conviction on December 11, 1995. (*Id*.) Petitioner appealed. (*Id*. Ex. 6.) On October 1, 1997, the Nevada Supreme Court affirmed petitioner's convictions. (*Id*. Ex. 8.)

On August 4, 1998, petitioner filed his first post-conviction petition in state District Court. (*Id*. Ex. 10.) The District Court denied the petition on February 10, 1999. (*Id*. Ex. 14.) Petitioner appealed. (*Id*. Ex. 15.) On November 6, 2000, the Nevada Supreme Court affirmed the District Court's denial of petitioner's first post-conviction petition. (*Id*. Ex. 19.) Remittitur issued on December 14, 2000. (*Id*. Ex. 20.)

Petitioner dispatched his first federal petition for writ of habeas corpus to this court on April 6, 2001. (*Id*. Ex. 21, ECF No. 14.) On February 26, 2004, in case 2:11-cv-00411-LRH-PAL, this court issued an order finding that petitioner had not exhausted some of the grounds in his petition. (*Id*. Ex. 22.) On April 2, 2004, this court granted petitioner's motion to dismiss his petition without prejudice in order to return to state court to exhaust. (*Id*. Ex. 24.) On August 31, 2004, petitioner filed a petition for original writ of habeas corpus in the Nevada Supreme Court. (*Id*. Ex. 25.) The Nevada Supreme

---

[1] The exhibits referenced in this order are found in the court's record at ECF Nos. 13 and 14, which were filed with respondents' motion to dismiss.

2

1 Court denied the petition on September 15, 2004. (*Id*. Ex. 26.) On October 18, 2004, petitioner filed
2 his second state post-conviction petition in District Court. (*Id*. Ex. 28.) The District Court denied the
3 petition on February 5, 2004. (*Id*. Ex. 31.) Petitioner appealed. (*Id*. Ex. 32.) On April 13, 2005, the
4 Nevada Supreme Court affirmed the District Court's denial of petitioner's second post-conviction
5 petition. (*Id*. Ex. 33.) Petitioner moved for rehearing. (*Id*. Ex. 34.) On June 1, 2005, the Nevada
6 Supreme Court issued an order denying rehearing. (*Id*. Ex. 35.)

7 Petitioner dispatched his second federal petition for writ of habeas corpus to this court on June
8 7, 2005. (*Id*. Ex. 37.) This court construed the filing as an amended petition and a motion to reinstate
9 his first federal habeas corpus case. (*Id*. Ex. 38.) On March 8, 2006, this court issued an order finding
10 several grounds in the amended petition unexhausted and allowing petitioner thirty days to either dismiss
11 the unexhausted grounds, and proceed only in the exhausted grounds, or dismiss his amended petition
12 and return to state court to exhaust. (*Id*. Ex. 39.) After petitioner failed to respond to the court's order,
13 this court dismissed the action without prejudice. (*Id*. Ex. 40.)

14 On June 11, 2009, petitioner filed his third state post-conviction petition. (*Id*. Ex. 41.) On
15 September 17, 2009, the District Court denied the petition. (*Id*. Ex. 44.) Petitioner appealed. (*Id*. Ex.
16 45.) On June 9, 2010, the Nevada Supreme Court affirmed the District Court's denial of petitioner's
17 third post-conviction petition. (*Id*. Ex. 46.) Petitioner dispatched his third federal petition for writ of
18 habeas corpus to this court on November 16, 2010.

19 **II.    Successive Petition**

20 Respondents argue that the court should dismiss the instant petition as a successive petition
21 because of this court's earlier dismissal in case 2:11-cv-00411-LRH-PAL.

22 Petitioner contends that the petition in the instant case is not successive because his petition in
23 his earlier federal action was not adjudicated on the merits or dismissed because of procedural default.

24 On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996
25 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed
26 after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Jeffries v. Wood*, 114 F.3d 1484,

1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on November 16, 2010, and thus, it is subject to the provisions of the AEDPA.

Under 28 U.S.C. § 2244(b)(1) & (2), a claim in a "second or successive petition under section 2254" must be dismissed if it was presented in a prior petition; and, if the claim was not presented in the prior petition, it may be considered only in the circumstances delineated in § 2244(b)(2).  Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition is filed in the district court, the applicant must move in the Court of Appeals for an order authorizing the district court to consider the petition. The terms "second or successive" are not defined by statute.  "That a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.'" *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (quoting *Hill v. Alaska*, 297 F.3d 895, 898 (9th Cir. 2002)).  Thus, the phrase is a term of art interpreted by courts in light of pre-AEDPA cases. *Henderson*, 396 F.3d at 1052-53.

If an earlier federal petition is dismissed "on the merits," any subsequent petition challenging the same judgment of conviction or sentence will constitute a second or successive petition.  *Id*.  However, a second habeas petition is not considered "second or successive" if the initial habeas petition was dismissed for a technical or procedural reason rather than on the merits.  *See id.*; *see Slack v. McDaniel*, 529 U.S. 473, 485-487 (2000) (holding that a habeas petition which is filed after a prior habeas petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a "second or successive petition").

In this case, the instant petition is not "second or successive" because petitioner's amended petition in case 2:11-cv-00411-LRH-PAL was dismissed without prejudice after the court determined that several grounds in the petition were unexhausted.  Although the court ultimately dismissed the petition without prejudice because of petitioner's failure to comply with the court's orders, the court did not adjudicate any of petitioner's claims on the merits after concluding that several grounds were unexhausted.  Accordingly, the court concludes that the instant petition is not "second or successive" and denies respondents' motion to dismiss in this respect.

**III.     Statute of Limitations**

Respondents contend that the instant petition is barred by the one-year statute of limitations applicable to this case and that the court should dismiss the petition as untimely.

Petitioner argues that even though his conviction became final in 1997, the one-year statute of limitations commenced when the Nevada Supreme Court issued its decision in *Nika v. State*, 124 Nev. 1272, 1289, 198 P.3d 839, 850 (2008). According to petitioner, because his instant petition is premised on the *Nika* decision, he had one year from the date of that decision within which to file his federal petition.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A "properly filed application" is one in which the "delivery and acceptance are in compliance

with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001) (quoting *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000)). Time limits on post-conviction petitions are "condition[s] to filing," such that an untimely petition would not be deemed "properly filed." *Pace v. DiGuglielmo,* 544 U.S. 408, 413 (2005). With respect to the filing of a federal petition for writ of habeas corpus, a *pro se* petitioner effectively files a federal petition when he delivers it to prison authorities for mailing to the court. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

Here, petitioner appears to argue that subsection (D) of 28 U.S.C. § 2244(d)(1) applies to this case. In essence, petitioner asserts that the *Nika* decision issued in 2008 forms the factual predicate of his claim. The court is not persuaded by petitioner's argument. In *Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005), the Ninth Circuit Court of Appeals held that a state court's announcement of a new interpretation or clarification of state law, that is arguably helpful to a petitioner's claim, does not constitute a "factual predicate" for a federal habeas claim seeking to enforce the new ruling retroactively. Accordingly, because the Nevada Supreme Court's *Nika* decision is not a "factual predicate" that triggers the one-year statute of limitations, subsection (D) is inapplicable to this case.

Having concluded that subsection (D) does not apply, the court proceeds to determine the timeliness of the petition under subsection (A). Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. In this case, the District Court entered the judgment of conviction on December 11, 1995. The Nevada Supreme Court's order of affirmance on direct review was issued on October 21, 1997. Petitioner had ninety days from that date, until January 19, 1998, to seek certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999). Petitioner's conviction became final on January 19, 1998, which is 90 days after the Nevada Supreme Court issued its order of affirmance. United States Supreme Court Rules, Rule 13(1). The AEDPA one-year statute of limitations began to run on January 20, 1998. Petitioner had until January 20, 1999, to file his federal habeas petition, unless time was otherwise tolled by federal statute.

As discussed above, under 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a post-conviction petition remains pending in state court, so long as the petition is "properly filed." When a petition for state post-conviction relief is rejected as untimely by the state courts, it is not "properly filed" under § 2244(d)(2). *Allen v. Siebert*, 552 U.S. 3, 7 (2007). In this case, petitioner filed his first petition for post-conviction relief in state court on August 4, 1998. Proceedings pertaining to petitioner's first post-conviction petition concluded when the Nevada Supreme Court issued its remittitur affirming the District Court's denial of the petition on December 14, 2000. Accordingly, the statute of limitations was tolled during the time petitioner's first post-conviction petition remained pending. From January 28, 1998—the date the statute of limitations began to run—until August 4, 1998—the date petitioner filed his first post-conviction petition, 188 days elapsed. Thus, after the conclusion of proceedings on petitioner's first post-conviction petition, petitioner had approximately 177 days, until June 10, 2001, in which to timely file his federal petition for writ of habeas corpus.

Petitioner dispatched his first federal petition for writ of habeas corpus on April 6, 2001, and his second federal petition for writ of habeas corpus on June 7, 2005. However, a prior federal habeas corpus petition does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Thus, the time periods during which petitioner's first and second federal petitions for writ of habeas corpus were pending in federal court did not toll petitioner's limitation period. Additionally, the time during which petitioner's second state post-conviction petition and third state post-conviction were pending in state court did not toll the statute of limitations because those petitions were not "properly filed." In its order affirming the District Court's denial of petitioner's second and third state post-conviction petitions, the Nevada Supreme Court concluded that both petitions were untimely under Nev. Rev. Stat. § 34.726(1). The Nevada Supreme Court found that petitioner failed to show good cause to excuse the untimely filings and affirmed the denial of the petitions on untimeliness grounds. Accordingly, because petitioner's second and third state post-conviction petitions were untimely, the post-conviction proceedings in state court pertaining to them did not toll the AEDPA statute of limitations.

7

1  As for petitioner's original petition for writ of habeas corpus, filed in the Nevada Supreme
2  Court on August 31, 2004, such a petition is considered "properly filed" and tolls the AEDPA statute
3  of limitations. *See Blair v. Crawford*, 275 F.3d 1156, 1159 (9th Cir. 2002). However, petitioner filed
4  this writ after the statute of limitations expired, and thus, no time remained to toll. Because the only
5  statutory tolling applicable to this case occurred while petitioner's first state post-conviction petition
6  remained pending, the one-year statute of limitations period expired on June 10, 2001. Petitioner
7  dispatched his instant federal habeas petition on November 16, 2010, over nine years after the one-year
8  statute of limitations expired. Thus, petitioner's petition is untimely.

**IV. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

 **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 12) is **GRANTED in part and DENIED in part.**

 **IT IS FURTHER ORDERED** that the petition (ECF No. 6) is **DISMISSED IN ITS**

1  **ENTIRETY**, as untimely.

2  **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

4  **IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

6  **DATED: February 28, 2012**

_____
UNITED STATES DISTRICT JUDGE